# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTWAN BOLEK,<br><br>    Defendant. | CASE NO: 1:12-CR-00390<br><br>Judge Dan Aaron Polster<br><br>**OPINION AND ORDER** |

## MEMORANDUM

Before the Court is Defendant Antwan Bolek's Motion for Appointment of Counsel, **Doc #: 144**. For the following reasons, Bolek's Motion is **DENIED**.

## FACTUAL BACKGROUND

On March 12, 2013, Bolek pleaded guilty to three counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) and one count of Brandishing a Firearm During a Crime of Violence (Aiding and Abetting) in violation of 18 U.S.C. § 924(c). Non-document order issued 3/12/2013. On June 26, 2013, Bolek was sentenced to 141 months custody of the U.S. Bureau of Prisons, 3 years supervised release, $400 total special assignment; and $900 restitution. Doc #: 83.

1

# ANALYSIS

Bolek now requests appointment of counsel pursuant to 18 U.S.C. §§ 3006A(a)(1) and (c). Doc #: 144. Bolek asserts that he requires defense counsel to present an argument that his sentence is unconstitutional as a result of the Supreme Court's holding in *Davis v. United States*, 139 S. Ct 2319 (2019). Doc #: 144 at 5.

## I. Appointment of Counsel

Defendant's claim that his sentence is unconstitutional under *Davis* would be properly brought as a motion to vacate under 28 U.S.C. § 2255. Courts may appoint counsel to parties seeking relief under § 2255 when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). A court may decline to appoint counsel when the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *United States v. Maker*, 2011 U.S. Dist. LEXIS 144669, *6 (NDOH 2011) quoting *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

Here, the interests of justice do not require counsel be appointed to Bolek for two reasons. First, Bolek has shown a good understanding of the issue and the ability to forcefully and coherently present his contentions by adequately raising his argument in his Motion for Appointment of Counsel. Second, Bolek's potential § 2255 petition, while non-frivolous, is ultimately meritless.

## II. Bolek's Potential § 2255 Habeas Petition

Bolek contends that some of his convictions violate due process in light of *Davis*.[1] Doc #: 144 at 2. The Supreme Court in *Davis* held that § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. The offense of Brandishing a Firearm During a Crime of Violence in violation of § 924(c) defines "crime of violence" using either §§ 924(c)(3)(a) or (b). Thus, if Bolek's conviction under § 924(c) was based on defining "crime of violence" under § 924(c)(3)(B), Bolek's conviction would be unconstitutional.

However, Bolek's conviction was not based on § 924(c)(3)(B). Section 924(c)(1)(A) prohibits the use or possession of a firearm during or in relation to a crime of violence or a drug trafficking crime. "Crime of violence" is defined as an offence that is a felony and:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The predicate offence to Bolek's § 924(c) conviction (Count 11 of the indictment) is Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) (Count 10 of the indictment). Doc #: 1 at 11-12. Interference with Interstate Commerce occurs when someone:

> [I]n any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

---

[1] Bolek's Motion is unclear as to which counts violate due process. Bolek was convicted of counts ten, eleven, twelve, and thirteen of the indictment. Doc #: 144 at 2. However, he asserts that counts one and three violate due process. *Id.*

3

18 U.S.C. § 1951(a). The definition of both robbery and extortion involve actual or attempted force against a person or property of another. 18 U.S.C. §§ 1951 (B)(1), (2). Thus, the predicate offence for Bolek's § 924(c) conviction has an element of attempted or threatened use of physical force against a person or property of another. Therefore, Bolek's § 924(c) conviction is based on the constitutional § 924(c)(3)(A), not the unconstitutional § 924(c)(3)(B).

Nor does the fact that Bolek merely aided and abetted the crime affect this analysis. A person who aids and abets is punishable as a principal. 18 U.S.C. § 2.

Thus, because Bolek was able to adequately present his argument and because his argument is meritless, Bolek's Motion for Appointment of Counsel, **Doc #: 144**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 3, 2019*
**Dan Aaron Polster**
**United States District Judge**