# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 12-cr-390** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **ANTWON BOLEK,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Antwon Bolek's Motion to Modify Sentence, **Doc #: 146**. As best the Court can discern, Bolek believes that the Court misapplied U.S. Sentencing Guideline § 5G1.3(b) when rendering his sentence. *See* Doc #: 146 at 1.

On June 26, 2013, this Court sentenced Bolek to 141 months custody of the Bureau of Prisons. Doc #: 84 at 2. Pursuant to U.S.S.G. § 5G1.3(b), the court "granted credit for the approximate 18 months in custody following arrest." Doc #: 84 at 2. On July 10, 2013, The Cuyahoga County Court of Common Pleas sentenced Bolek to seven years, which was to run concurrent with this Court's 141-month sentence. Doc #: 146-3. Bolek's state sentence ran from August 20, 2013 to December 19, 2018. Doc #: 146-1.

Bolek contends that his federal sentence should be credited for the time he served his state sentence pursuant to U.S.S.G. § 5G1.3(b). Doc #: 146 at 2. Bolek in incorrect. U.S.S.G. § 5G1.3(b) calls for judges to "adjust the sentence for any period of imprisonment already

served. . . ." U.S.S.G. § 5G1.3(b)(1). Here, Bolek's state sentence from August 20, 2013 to December 19, 2018 was not "already served." Instead, Bolek received his federal sentence then received a concurrent state sentence. Accordingly, U.S.S.G. § 5G1.3(b)(1) does not provide that Bolek's federal sentence should be reduced by the amount of time Bolek served his state sentence.

For the above reasons, Bolek's Motion, **Doc #: 146**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 12, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**